UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In Re:

1853 COMMONWEALTH AVENUE LLC,

Debtor

Case No. 09-12867-HJB

Chapter 11

### STIPULATION AND ORDER CONCERNING INTERIM USE OF CASH COLLATERAL AND ADEQUATE PROTECTION

THIS STIPULATION is made this 15th day of April, 2009, by and between the Debtor, 1853 Commonwealth Avenue LLC (the debtor and debtor-in-possession) (collectively, the "**Debtor**") and The Village Bank (the "**Lender**").

### BACKGROUND:

WHEREAS, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") on April 1, 2009 (the "**Petition Date**");

WHEREAS, the Lender and the Debtor entered into a certain loan arrangement evidenced by, among other things, the following documents, instruments, and agreements (collectively, the "**Loan Documents**"):  (i) a certain Commercial Promissory Note dated as of December 21, 2005 made by the Debtor payable to the Lender in the original principal amount of $825,000.00; (ii) Mortgage and Security Agreement dated as of December 21, 2005; (iii) Collateral Assignment of Leases and Rents dated as of December 21, 2005; and (iv) letter agreement dated as of March 26, 2008;

WHEREAS, the Lender asserts the obligations of the Debtor to the Lender pursuant to the Loan Documents (the "**Pre-Petition Indebtedness**") are secured by a perfected mortgage on the Debtor's real property located at 1853 Commonwealth Avenue, Brighton, Massachusetts (the "**Property**"), and all personal property used in connection with or relating to the Property, including without limitation leases and rents (collectively with the Property, the "**Collateral**"), as set forth in the Loan Documents;

-1-

WHEREAS, the Debtor's Budget (which is annexed hereto and incorporated herein as **Exhibit "A"** (the "**Budget**") indicates that the Debtor will require the use of the Lender's cash and non-cash Collateral in order to meet the Debtor's expenses incidental to its operations;

WHEREAS, the Lender asserts that all of the Debtor's cash and available funds constitute the Lender's cash Collateral; and

WHEREAS, subject to the terms and conditions of this Stipulation, the Lender is willing to permit the Debtor to use the Lender's cash and non-cash Collateral solely for the purposes set forth in, and in accordance with the terms and conditions of, the Budget and this Stipulation.

NOW, THEREFORE, subject to Bankruptcy Court approval of this Stipulation, it is hereby stipulated and agreed by and between the Debtor and the Lender as follows:

1. ACKNOWLEDGMENT OF INDEBTEDNESS.  The Debtor hereby acknowledges and agrees that the Debtor is liable to the Lender for Pre-Petition Indebtedness as of the Petition Date under the Loan Documents, and such other interest accruing from and after the Petition Date under the Loan Documents, and fees, costs, expenses, and costs of collection (including without limitation reasonable attorneys' fees) as set forth in the Loan Documents heretofore or hereafter incurred by the Lender in connection therewith, to the extent allowable pursuant to Section 506(b) the Bankruptcy Code (collectively, the "**Claim**"). Debtor acknowledges that Lender's Claim is secured by a first priority security interest in the Collateral and shall constitute an allowed secured claim to the extent provided for under the Bankruptcy Code.

2. ACKNOWLEDGMENT OF SECURITY INTEREST.  Subject to Paragraph 3 below, upon entry of this Stipulation as an Order of the Bankruptcy Court, any and all challenges by the Debtor (i) to the validity, sufficiency, priority, or amount of the allowed Claim; (ii) the perfection of the Lender's security interests and liens in the Collateral; and (iii) any and all transfers received by the Lender pre-petition, including but not limited to, claims or challenges pursuant to §§506(c), 544, 547, 548, 549, 550, and 553 of the Bankruptcy Code shall be forever barred.

    **The Debtor acknowledges, agrees, and understands that certain of the terms and conditions of Paragraph 1 and 2 above vary from the requirements of MBLR 4001-2(c)(2, 4).**

3. BAR DATE. Notwithstanding the provisions of Paragraphs 1 and 2, above, any subsequently appointed Creditors' Committee or Trustee, may file an objection to the amount of the Lender's Claim or file (or seek authority to file, as the case may be) a complaint on behalf of the estate under §§ 544, 547, 548, 549, 550 or 553 of the Bankruptcy Code challenging the validity,

priority, or extent of the Lender's security interest in the Collateral or otherwise seeking to avoid or recover any transfers received by the Lender. Any such objection or complaint (as is applicable) shall set forth the basis for the objection or complaint, and the reason why the Claim should not be allowed in full. If no such objection or complaint (as is applicable) is filed: (a) by the Creditors' Committee on or before ninety (90) days after Bankruptcy Court approval of the retention of counsel to the Creditors' Committee, or if no such Committee has been formed then (b) by a Trustee on or before ninety (90) days after the appointment of a Trustee, any and all challenges by any party to the Claim, the Lender's security interest or liens against the Collateral or transfers received by the Lender including, but not limited to, those under §§ 506(c), 544, 547, 548, 549, 550 and 553 of the Bankruptcy Code shall be forever barred.

4. USE OF CASH COLLATERAL.

   a. Subject to the terms and conditions of this Stipulation, the Debtor may use the Lender's cash and non-cash Collateral solely to pay its ordinary and necessary business expenses as set forth on the Budget. The Debtor warrants and represents that the Budget includes all reasonable, necessary, and foreseeable expenses to be incurred in connection with this Chapter 11 case and the operation of the Debtor's business for the period set forth in the Budget.

   b. In no event shall the Debtor use any of the Lender's cash Collateral to pay any items:

      i. not contained in the Budget, except as approved by the Court after written notice to the Lender and a hearing or after written request to the Lender and the Lender's written request;

      ii. in excess of the amount set forth in the Budget, whether by line item, category, or in the aggregate; and

      iii. in advance of the week in which an Expense, as defined in the Budget, is scheduled to be paid.

   c. The Debtor agrees not to knowingly or intentionally incur any administrative expenses other than as set forth in the Budget, exclusive of professional fees approved by the Bankruptcy Court pursuant to §§ 330, 331, or 503(b) of the Bankruptcy Code and fees payable pursuant to 28 U.S.C. §1930, without the prior written consent of the Lender or approval by the Bankruptcy Court after notice to the Lender and a hearing.

5. ADEQUATE PROTECTION. In consideration of and as adequate protection for any diminution in the value of the Lender's cash and non-cash Collateral:

   a. The Lender is hereby granted a security interest to the extent of any diminution in the value of the Lender's cash and non-cash Collateral in all of the Debtor's post-petition assets, including, but not limited to, accounts, accounts receivable, inventory, equipment, general intangibles, and goods, real estate, and leasehold interest as well as all products and proceeds thereof (collectively, the "**Post-Petition Collateral**"). The

      lien granted to the Lender herein may not be primed by any other lien or encumbrance, whether by order of the Bankruptcy Court or the passage of time. The lien and security interest granted herein shall be deemed valid and perfected notwithstanding the requirements of non-bankruptcy law with respect to perfection, and although not required of the Lender, the automatic stay imposed by §362 of the Bankruptcy Code is hereby modified to the extent necessary for the Lender to perfect the security interest granted herein. The post-petition grant of the security interest shall be supplemental of, and in addition to, the security interest which the Lender possesses pursuant to the Loan Documents.

b.    The foregoing grant of the Post-Petition Collateral shall exclude all proceeds of any avoidance action under Chapter 5 of the Bankruptcy Code (other than (i) proceeds of any avoidance action brought pursuant to § 549 of the Bankruptcy Code to recover any post-petition transfer of Collateral, and (ii) proceeds of avoidance actions under § 547 of the Bankruptcy Code, to the extent necessary to reimburse the Lender for the amount of cash Collateral which was used, if at all, to fund the Debtor's or the committee's expenses in investigating such actions, commencing such actions, and conducting the litigation and/or settlement discussions that resulted in the receipt of such proceeds).

c.    The lien and security interest created herein shall continue in full force and effect until the Claim has been paid in full, including all principal and, to the extent authorized by §506(b) of the Bankruptcy Code, such interest, fees, costs, and expenses, including reasonable attorneys' fees, whether currently existing or hereafter accrued and incurred, as provided for by the Loan Documents.

d.    Nothing contained in this Stipulation shall be deemed to be the consent by the Lender, whether express or implied, to any claims against the Collateral or the Post-Petition Collateral under § 506(c) of the Bankruptcy Code. **The Debtor acknowledges, agrees, and understands that the provisions of this subsection vary from MBLR 4001-2(c)(4).**

e.    If and to the extent (i) the Collateral used by the Debtor *less* (ii) the reduction in the Pre-Petition Indebtedness exceeds the value of the Post-Petition Collateral (the "**Post-Petition Shortfall**"), then the Lender shall have a claim under §503(b) of the Bankruptcy Code in the amount of the Post-Petition Shortfall which shall, pursuant to §507(b) of the Bankruptcy Code, have priority over all other claims entitled to priority under §507(a)(1), with the sole exception of quarterly fees due to the United States Trustee pursuant to 28 U.S.C. §1930.

f.    The Debtor shall maintain all necessary insurance, including, without limitation, life, fire, hazard, comprehensive, public liability, and workmen's compensation as may be currently in effect, and obtain such additional insurance in an amount as is appropriate for the business in which the Debtor is engaged, naming the Lender as loss payee with respect thereto. The Debtor shall provide the Lender, upon entry of this Stipulation as an Order of the Bankruptcy Court, with proof of all such coverage, as well as prompt notification of any change in such coverage which may hereafter occur.

    g.      The Lender shall have the right to inspect the Collateral as well as the Debtor's books and records during normal business hours.

    h.      As further adequate protection of the Lender's interest in the Pre-Petition Collateral, on the first day of each month during the term of this Stipulation, the Debtor shall make payments to the Lender of $3,100.00, provided, however, that such payments shall increased to amount of the regular monthly payments of principal and interest of $3,804.43 under the Loan Documents upon the earlier of: (i) the Debtor's lease of one or more additional units at the Property; or (ii) forty-five (45) days from the date of this Stipulation which may be extended upon agreement of the parties without seeking an order of this Court. The Lender shall apply any payments received in this section 5(h) to the outstanding balance of the Pre-Petition Indebtedness.

6.      AUTOMATIC PERFECTION.

    a.      This Stipulation and the Loan Documents shall be sufficient and conclusive evidence of the priority, perfection, attachment, and validity of all of the Lender's security interests in, and liens on, the Post-Petition Collateral and the liens and security interests granted and created herein shall, by virtue of this Stipulation, constitute valid, automatically perfected and unavoidable security interests, with the priorities granted hereunder, without the necessity of creating, filing, recording, or serving any financing statements or other documents that might otherwise be required under federal or state law in any jurisdiction or the taking of any other action to validate or perfect (a) the security interests and liens granted to the Lender under this Stipulation, or (b) the adequate protection replacement liens and security interests granted herein to the Lender, for all purposes, including, without limitation, the payment of all principal, interest, and other fees, including reasonable attorneys' fees and expenses of the Lender in connection with the Debtor's use of cash Collateral.

    b.      To the extent that any applicable non-bankruptcy law otherwise would restrict the granting, scope, enforceability, attachment, or perfection of the Lender's liens and security interests authorized, ratified, or created by this Stipulation, or otherwise would impose filing or registration requirements with respect to such replacement liens, such law is hereby preempted to the maximum extent permitted by the Bankruptcy Code, otherwise applicable federal law, and the judicial power of the United States Bankruptcy Court.

    c.      By virtue of the terms of this Stipulation, to the extent that the Lender has filed Uniform Commercial Code financing statements, entered into control agreements, collateral access agreements, or otherwise perfected the Lender's interest in the Collateral under the name of the Debtor, such filings and other actions and agreements shall be deemed to properly perfect its liens and security interests in the Collateral under this Stipulation without further action by the Lender.

    d.      So long as this Stipulation is in effect, without further Order of the Court: (a) no other entity shall foreclose or otherwise seek to enforce any lien or other right such other

party may have in and to any property of the estate of the Debtor which the Lender deems material and upon which the Lender holds or asserts a senior lien or security interest; and (b) the Debtor shall not, without prior written approval from the Lender and the Bankruptcy Court, engage in any transaction that is not in the ordinary course of the Debtor's business.

7. FINANCIAL REPORTING. The Debtor shall furnish to the Lender such financial and other information as the Lender shall reasonably request including, but not limited to the following:

   a. By the 15th business day of each month, commencing May 15, 2009, each of the following financial reports:

      i. A report which sets forth in reasonable detail:

         a) comparison of the Debtor's actual performance during the prior month with the Budget and the projections contained therein; and

         b) a schedule of all outstanding checks or payments issued by the Debtor;

      ii. A profit and loss statement for the (i) prior month, and (ii) for the entire post-petition period; and

      iii. An accounts receivable aging as of the close of business on the last day of the prior month;

   b. Any financial information and pleadings filed with the Bankruptcy Court, shall be served upon the Lender and its counsel within one (1) business day after such information or pleading has been filed with the Bankruptcy Court.

   c. All other financial information and reports prepared by the Debtor in the ordinary course of its business, including any financial information required by the Bankruptcy Court or by the Operating Guidelines and Reporting Requirements of the United States Trustee's Office.

   d. All other reports and financial information required by the Loan Agreement or historically provided to the Lender, and any additional reports as may be requested by the Lender from time to time.

8. NOTICE. Any notice or correspondence required to be sent hereunder shall be forwarded by email at the addresses set forth below, and by first class mail, and shall be deemed given upon the earlier of (i) successful email transmission, or (ii) two (2) days after being deposited in the United States Mail, postage pre-paid, and addressed as follows:

   If to the Lender:

   > The Village Bank
   > 319 Auburn Street
   > Auburndale, Massachusetts 02466

    Attn: Andrew Franklin

With copies to:

    Alexander G. Rheaume
    Riemer & Braunstein LLP
    Three Center Plaza
    Boston, Massachusetts  02108
    arheaume@riemerlaw.com

If to the Debtor:

    1853 Commonwealth Avenue LLC
    Ralph Feinberg
    PO Box 35022
    Brighton, MA 02135

With copies to:

    David D Nielson
    1212 Hancock Street, Suite 120
    Quincy, Massachusetts 02169
    dnielson@ddnlaw.com

9.    TERMINATION.    (a) The Debtor's right to use its assets and interim use the Lender's cash and non-cash Collateral shall terminate ("**Termination**") upon the earliest of:

    i.    Ninety (90) days from the Court's approval of this Stipulation;

    ii.    The Debtor's failure to maintain all necessary insurance as required by Paragraph 5(e) above, or

    iii.    At the Lender's option, upon the occurrence of any Termination Event, as set forth in Paragraph 10 below.

   b.    The Debtor hereby stipulates and agrees that upon Termination, the Lender shall be entitled to seek a hearing on a Motion for Relief from the Automatic Stay upon an expedited basis. **The Debtor acknowledges, agrees, and understands that the provisions of this subsection vary from MBLR 4001-2(c)(5).**

   c.    Upon Termination, the Debtor shall immediately cease using the Lender's cash Collateral and noncash Collateral, and the Debtor shall cause all funds received to be deposited in a segregated account provided, however, nothing herein shall be deemed a waiver of the Debtor's right to seek authority to use cash Collateral in accordance with §§ 361 and 363 of the Bankruptcy Code.

10. TERMINATION EVENTS. The occurrence of any one or more of the following shall constitute a termination event (a "**Termination Event**") under this Stipulation:

   a. The material breach by the Debtor of any of the terms, conditions, or covenants of this Stipulation, which is not cured to the reasonable satisfaction of the Lender within three (3) business days of receipt by the Borrower of written notice of such breach from the Lender;

   b. If the Debtor conducts any sales out of the ordinary course of its business;

   c. The appointment of a Trustee for the Debtor pursuant to § 1104 of the Bankruptcy Code;

   d. The conversion of this Case to a case under Chapter 7 of the Bankruptcy Code;

   e. The dismissal of this Case;

   f. The appointment of an examiner with any of the powers of a Trustee for the Debtor; or

   g. The allowance of a Motion for Relief from the Automatic Stay allowing a creditor of the Debtor to foreclose upon any material asset of the Debtor.

11. SINGLE ASSET REAL ESTATE DEBTOR. The Debtor stipulates that it is a "single asset real estate" debtor as that term is used in §§ 101(51B) and 362(d)(3) of the Bankruptcy Code.

12. FURTHER ASSURANCES. The Automatic Stay is hereby modified to permit the Lender and the Debtor to carry out the terms and conditions of this Stipulation, and the Debtor is hereby authorized to execute any additional agreements as may be deemed necessary to further effectuate and confirm the terms and conditions this Stipulation.

13. MODIFICATION. The Lender and the Debtor may agree to nonmaterial modifications or amendments to this Stipulation without further Order of the Bankruptcy Court. Further, the Lender and the Debtor may modify the Budget, to take effect upon Five (5) business days written notice to the Creditors' Committee, if any, the United States Trustee, and the Court.

14. EXTENSION OF STIPULATION. The Lender, in its sole and exclusive discretion, may extend this Stipulation without further Court hearing or further order of the Bankruptcy Court. If the Lender determines to do so, it shall provide written notification of such extension to all parties-in-interest.

15. COURT APPROVAL, CONDITIONS TO EFFECTIVENESS. This Stipulation shall not be effective until the entry of an Order of the Bankruptcy Court approving and authorizing the Debtor to enter into this Stipulation.

[**remainder of page intentionally blank**]

For The Debtor


/s/ David D Nielson                              .
David D Nielson, BBO No. 652743
Nielson Law Office
1212 Hancock Street, Suite 120
Quincy, Massachusetts 02169
(617) 773-6866


The Lender


/s/ Alexander G. Rheaume                    .
Alexander G. Rheaume, BBO No. 667419
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In Re:<br><br>1853 COMMONWEALTH AVENUE LLC,<br><br>Debtor | Case No. 09-12867-HJB<br><br>Chapter 11 |

**ORDER**
**CONCERNING INTERIM USE OF CASH COLLATERAL**
**AND ADEQUATE PROTECTION**

The parties and the United States Trustee being heard in open court, the foregoing Stipulation Concerning Interim Use of Cash Collateral and Adequate Protection is APPROVED.

Dated: _____         _____

　　　　　　　　　　　　　　　　　　Henry J. Boroff

　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge