**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE:   1853 COMMONWEALTH AVENUE LLC, | Case No. 09-12867 |
| | Judge Boroff |
| Debtor | Chapter 11 |

**FIRST & FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY NIELSON LAW OFFICE, COUNSEL FOR CHAPTER 11 DEBTOR**

Nielson Law Office (the "Counsel"), counsel to the above-captioned Chapter 11 debtor in possession (the "Debtor"), respectfully submits this Application for Compensation and Reimbursement of Expenses (the "Application") in accordance with 11 U.S.C. §§ 328, 330 and 331, and Massachusetts Local Bankruptcy Rule 2016-1. Pursuant to an assented to motion filed herewith, the Nielson Law Office is seeking an interim order allowing spend-down of the entire retainer amount now held, the remaining balance held pending final accounting of the debtor by the Chapter 11 Trustee, and final hearing and allowance.

This application is for the period of April 1, 2009 through July 30, 2009 (the "Application Period").

Counsel is seeking payment of fees in the amount of $10,835.00 for actual services rendered and no reimbursement for expenses. Counsel holds an unapplied retainer in the sum of $5,161.00 and seeks authorization for payment $5,674.00 from the Debtor.

In support of this Application, Counsel states as follows:

**<u>Introduction</u>**

1

1. On April 1, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Code") in this Court.

2. The Debtor operated as a debtor in possession pursuant to Sections 1107 and 1108 of the Code until July 30, 2009.

3. No creditors' committee has been appointed in this Case.

4. On April 1, 2009, the Debtor filed an application with the Court to retain the Nielson Law Office as his counsel, which application was approved by the Court by order dated May 5, 2009. (Exhibit B)

5. On July 30, 2009, Debtor's counsel, being the applicant of this application for fees, was granted a motion to withdraw from the case. The Court appointed a Chapter 11 Trustee.

6. By this Application, Counsel seeks approval and payment of fees in the amount of $10,835.00 for actual services rendered and expenses incurred during the Application Period from the Petition Date through July 30, 2009. As of today, Counsel holds an unapplied retainer in the sum of $5,161.00 which he seeks an interim order to draw-down, with the remainder of any allowed fees determined pending the Chapter 11 Trustee's accounting and disposition of a final hearing on this application.

**Case Overview**

7. The Debtor's asset comprises the land and building located at 1853 Commonwealth Avenue in Boston (collectively, the "Building"). The building contains professional suites rented to various professionals such as physicians,

mental health care professionals and attorneys. There are several parking spaces that are also rented. All income is generated by those rental receipts.

8. Debtor granted a mortgage to the Village Bank that currently holds a lien with a value of approximately $450,000. Debtor also granted Village Bank a lien for all current and future assets including all cash and receivables. The Building has a fair market value of $850,000.

9. On April 1, 2009, the Debtor filed a deficient voluntary petition for relief under Chapter 11 to stay a pending foreclosure on the Building.

10. On April 14, 2009, the Debtor filed a motion for use of cash collateral, followed by an agreed to stipulation filed April 15, 2009, and that followed by an emergency hearing on April 16, 2009 and a final hearing on May 6, 2009.

11. On July 21, 2009, a request for leave to withdraw was filed by Counsel together with this Application.

12. On July 30, 2009, the request for leave to withdraw was granted, and the Court appointed a Chapter 11 Trustee.

**Application by Nielson Law Office**

13. Counsel has been paid a pre-petition retainer from the Debtor in the amount of $6,200.00, from which $1,039.00 was expended on the filing fee pre-petition, leaving an unapplied retainer of $5,161.00.

14. Counsel has provided legal services to Debtor during the Application Period. Attached hereto as exhibits are:

    a. Exhibit A – Agreement reciting the terms and conditions of employment and compensation;

3

    b. Exhibit B – Copy of the order authorizing the employment; and

    c. Exhibit C – Tabulation of all hours and expenses incurred during the Application Period.

**Summary of Services and Narrative Descriptions (MLBR 2016-1(d))**

15. All services were provided by David D Nielson, except for attendance at a hearing on an assented stipulation for use of cash collateral that was provided by attorney Richard Mestone working under the direction of Mr. Nielson (Mr. Nielson did not charge for that effort). There is no claim for fees for Mr. Mestone pursuant to § 504 of the Bankruptcy Code.

16. Mr. Nielson charged at the rate of $275 per hour. There have been no changes in rates during the Application Period.

17. Exhibit C shows a tabulation of all hours charged indicating that Mr. Nielson charged a total of $ 10,835.00.

18. Any expenses (other than filing fee) including mailing costs, copies, faxes, mileage, parking and the like, have been absorbed in the hourly rate.

19. No compensation is sought for duplicate services of counsel.

20. Counsel provided legal services to Debtor during the Application Period, as summarized:

    a. Asset Analysis and Recovery (AAR) $ 412.50. Counsel reviewed registry records, copies of mortgages including cross-collateral liens, liens, notes, and UCC financing agreements including discussions with prior counsel for the Village Bank related to the history of the note, foreclosures proceedings, and payments.

    b. Asset Disposition (AD): Not applicable as no asserts were sold, leased, abandoned or otherwise.

    c. Business Operations (BO) $ 110.00. Counsel analyzed and advised on matters relating to maintaining current utilities, maintenance of the building, rents received, and taxes. That included preparation of pro-forma budgets, tax liability, and ordinary expenses, and discussions with

NSTAR related to utilities and payments. As the Debtor had no accountant and did not provide cash flow, balance sheets or pro-forma budgets, counsel drafted those financial accountings.

d. Case Administration (CA) $5,365.50. Counsel prepared current and pro-forma budgets and balance sheets for preparation of statements of financial affairs, schedules and related information. Counsel prepared for, and attended, the meeting of the creditors, as well as a meeting with the Trustee's analyst relating to monthly reporting, DIP accounts and other details. Counsel discussed the case with Eric Bradford and prepared a motion to withdraw. A hearing was held in Springfield of which Counsel attended.

e. Claims Administration and Objections (CAO). $ 495.00. Counsel prepared and filed a motion for bar date to file claims, and communicated with the IRS relating to tax liabilities.

f. Employee Benefits and Pensions. Not applicable to this matter.

g. Employment Application and Objections (EA) $ 55.00. Counsel prepared and filed a motion for employment, drafted a memorandum and affidavits in support, and attended a hearing.

h. Fee Application and Objections (FA) $ 770.00. Counsel prepared a Fee Application that was withdrawn without prejudice, and drafted this Application as its replacement.

i. Financing Matters (FIN) $3,492.50. Counsel prepared a filed a motion for use of cash collateral and negotiated a interim stipulation with the secured lender leading to an agreed stipulation for use of cash collateral. Counsel presented the stipulation to the Court in an emergency hearing.

j. Litigation. Not applicable to this matter.

k. Meetings of Creditors (MoC) $687.50. Counsel prepared and attended the meeting of the creditors including preparation of the necessary financial information, meeting with the Debtor prior and after the meeting to discuss the responsibilities to the Trustee's office and the Court.

5

      l. Plan and disclosure Statement. The Plan has not been developed as debtor has not provided information necessary for its development.

      m. Relief from Stay Proceedings. No motions for relief have been filed.

21. Counsel submits that the compensation requested is reasonable and appropriate based on the: (i) the time and labor required; (ii) the complexity of the legal questions presented; (iii) the skill required to perform the legal services; (iv) the customary compensation in Massachusetts; and (v) the experience and ability of counsel.

**Conclusion**

22. The services rendered by the Nielson Law Office during the Application Period on this Chapter 11 were necessary and the costs incurred reasonable.

**WHEREFORE**, the Nielson Law Office respectfully moves the Court for an Order:

(i)     approving fees in the amount of $10,835.00;

(ii)    granting an interim order allowing Counsel to spend down the retainer amount of $5,161.00;

(iii)   setting a date for a final hearing on the application subsequent to the Chapter 11 Trustees accounting and disposition of the matter; and

(iv)   authorizing payment of the remaining sum of sums by the Debtor after application of the retainer in the amount of $5,674.00; and

(v)     granting such other relief as is just and proper.

Respectfully submitted,
Nielson Law Office,

/s/ David D Nielson                    .
David D Nielson (BBO 652743)
Nielson Law Office
1212 Hancock Street, Suite 120
Quincy, MA 02169
(617) 773-6866

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re:             ) <br>     1853 Commonwealth Avenue LLC ) <br>     Debtor.       ) <br>        ) | Chapter 11 <br> Case No.: 09-12867 <br> Hon. Henry J. Boroff |

CERTIFICATE OF SERVICE

I, David D Nielson, certify that I served the foregoing document(s):

    1. First and Final Application for Fees and Expenses.

upon the Debtor, the U.S. Trustee's office, all taxing authorities, the top 20 unsecured creditors, and all parties requesting service of pleadings as shown below.

Respectfully submitted,

Dated August 7, 2009     /s/ David D Nielson    .
                             David D Nielson (BBO 652743)
                             1212 Hancock Street, Suite 120
                             Quincy, Massachusetts 02169
                             (617) 773-6866

1.    On August 7, 2009 I served a true copy on the following recipients via the electronic filing system, CM/ECF which electrically served the documents upon:

    Eric K. Bradford on behalf of Interested Party United States Trustee
    Eric.K.Bradford@USDOJ.gov

    John Fitzgerald, USTPRegion01.BO.ECF@USDOJ.GOV

    Joseph G. LaRusso on behalf of Creditor City of Boston Treasury
Department, joseph.larusso@cityofboston.gov

    Alexander G. Rheaume on behalf of Creditor The Village Bank
arheaume@riemerlaw.com

2.  On August 7, 2009 I served a true copy of the documents via U.S. Mail, First Class, Postage Pre-Paid on the following recipients.

National Grid
Bankruptcy Unit
300 Erie Blvd. West
Saracuse, NY 13202

NSTAR
PO Box 4508
Woburn, MA 01888

Sec. of the Commonwealth
1 Ashburton Place, 17th Flr
Boston, MA 02108

A-1 Exterminators
PO Box 310
Lynn, MA 19013

NSTAR
ATTN: Cathy Berry
Legal Collections
1 NSTAR Way
Westwood, MA 02199

Mass. Dept. of Revenue
PO Box 7002
Boston, MA 02204

Boston City Tax Collector
City Of Boston
POB 55808
Boston, MA 02205

Glenn Bigonet
21 Jules Terrace
Newton, MA 02459

Ralph Feinberg
1853 Comm. Ave LLC
PO Box 35022
Brighton, MA 02135
(also sent certified)