```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
                        BANKRUPTCY DIVISION


                                    )
In Re:                              )    Chapter 11
1853 COMMONWEALTH AVENUE, LLC       )    Case No. 09-12867-HJB
     Debtor                         )
                                    )
```

<u>REPORT</u>

To the Honorable Henry J. Boroff, Bankruptcy Judge:

Gary W. Cruickshank, Chapter 11 Trustee in the above captioned case submits this Report pursuant to 11 U.S.C. Section 1106.

Pursuant to an Order of this Court dated on or about July 30, 2009, the undersigned was appointed Chapter 11 Trustee of the Debtor.

Since that time, the Trustee has sought the closing of the Debtor in Possession account at TD Banknorth and is awaiting the proceeds therefrom in order to deposit in his Trustee's account.

The Trustee has made written request of the tenants of this real estate for payment of August 2009 and future rental. The Trustee has received a total of $1,075.00. A copy of the schedule of the Trustee's receipts is annexed hereto and marked Exhibit A.

The Trustee has had several telephone conversations with Ralph Feinberg, the principal of the Debtor. The Trustee has spoken to and met with Counsel to the secured creditor in this case, Village Bank (hereinafter the "Bank").

There are minimal unsecured creditors in this case. Schedule F filed by the Debtor indicates that Nationalgrid and NStar hold claims totaling $6,342.12 and there are two smaller claims for A-1 Exterminators for $485.11 and Glenn Bigonet for $500.00.

The position of the Bank in this case is that the Debtor agreed to repay the obligation to the Bank by December 31, 2008 and the Bank does not wish to renew the note or otherwise consent to the continued retention of this loan.  To the best of the knowledge of the Trustee and with the exception of the August 2009 payment which has not yet been made because of the lack of funds by the Trustee, the Debtor is current with post petition payments to the Bank.  However, the Bank's position is that the obligation has matured and that the Bank will not agree to an extension of the Note.

The principal of the Debtor, Mr. Feinberg, believes that there is significant equity in this property and that the Bank should not be allowed to foreclose.

Due to the minimal unsecured creditors in this case and the projected significant administrative expense to attempt to confirm a Chapter 11 plan over the certain objection of the Bank, the Trustee asserts that litigation on this issue will be more expensive than the amount due to the unsecured creditors.

The real parties in interest in this case are the principal of the Debtor who believes that the Bank should not be allowed to foreclose, so as to protect his investment and the Bank.

The Trustee has suggested to Mr. Fineberg that he should obtain personal counsel to take whatever action is necessary to protect his equity interest in the real estate including the possibility of a third party plan.  Since this is essentially a two party dispute, the Trustee does not believe that expending significant administrative expenses to protect a minimum pool of unsecured creditors is warranted.

There is a continued hearing on the use of cash collateral on September 9, 2009.  At that hearing, the Trustee will not seek further use of cash collateral and allow the bank to collect the rental directly after obtaining the appropriate relief from stay.

The Trustee believes that Mr. Feinberg should be given a reasonable period of time, perhaps until October 15, 2009, to obtain personal counsel to determine the best method by which he can retain this case in Chapter 11 and, inter alia, possibly file, a third party plan.  If Mr. Fineberg does not choose that course of action, then the Trustee believes dismissal of this case, which is essentially a two party dispute, is warranted.

Dated: August 28, 2009         /s/Gary W. Cruickshank, Esq.
                               Chapter 11 Trustee
                               21 Custom House Street
                               Suite 920
                               Boston, MA 02110
                               (617) 330-1960
                               gwc@cruickshank-law.com
                               (BBO107600)

CERTIFICATE OF SERVICE

    I, Gary W. Cruickshank, hereby certify that a copy of the foregoing Motion has been served, electronically, upon the following parties:

Paula Bachtell, Esq.  
Office of the US Trustee  
1184 Thomas P. O'Neill Jr.  
  Federal Building  
10 Causeway Street  
Boston MA 02222-1084

Alexander G. Retaume, Esq.  
Riemer & Braunstein  
Three Center Plaza  
Boston MA 02108

Joseph G. LaRusso, Esq.  
City of Boston Treasury Dept.  
One City Hall Square  
City Hall Room M-5  
Boston MA 02201

Ralph L. Feinberg  
Box 35022  
Brighton MA 02135-3047

Dated:  August 28, 2009    /s/Gary W. Cruickshank, Esq.