UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In Re:

1853 COMMONWEALTH AVENUE LLC,

Debtor

Case No. 09-12867-HJB

Chapter 11

**MOTION FOR EXPEDITED DETERMINATION
OF MOTION FOR RELIEF FROM AUTOMATIC STAY
AND REQUEST FOR LIMITATION OF NOTICE**

The Village Bank (the "**Lender**") moves the Court pursuant to Local Rule 9013-1(g) for expedited determination of the accompanying *Motion for Relief from Automatic Stay* (the "**Motion for Relief**"). **Gary W. Cruickshank, Esquire, Chapter 11 Trustee (the "Trustee") and the United States Trustee do not oppose this Motion.**

In further support of this Motion, the Lender states as follows:

1. The Lender is the senior secured lender for the single asset real estate debtor, 1853 Commonwealth Avenue, LLC (the "**Debtor**").

2. Expedited consideration of the Motion for Relief is warranted because the recent actions of Ralph Feinberg ("**Feinberg**"), the sole equity holder of the Debtor, have caused significant damage to the Lender's real estate collateral at 1853 Commonwealth Avenue, Boston, Massachusetts (the "**Property**").

3. As set forth in more detail in the attached Motion for Relief and the exhibits thereto, Feinberg has engaged in demolition and excavation at the Property without first obtaining the property permits from the City of Boston. As a result of Feinberg's actions, the Property's value has decreased significantly and, upon information and belief, the City of Boston

1

has issued a "stop work" order and violation notice.

4.  Further, the Lender believes that Feinberg engaged in the demolition and excavation without obtaining proper insurance, leaving the Property (and potentially its commercial tenants) uninsured against a loss incurred as a result of Feinberg's actions.

5.  Feinberg's actions and cavalier disregard for the municipal laws and regulations of the City of Boston present an ongoing threat to the safety of the Property's tenants and the value of the Lender's collateral unless the Court grants this Motion on an expedited basis permitting the Lender to exercise its rights under its mortgage and applicable law.

6.  Counsel for the Lender has notified the Trustee, the United States Trustee, and counsel for Feinberg of the substance of the Motion for Relief and the request for expedited determination by email. The Trustee and the United States Trustee do not oppose this Motion.

7.  Given the urgency of this matter, and that this is essentially a two-party dispute between Feinberg and the Lender, the Lender requests that the Court limit the notification of any hearing on the Motion for relief to the following parties: (a) the United States Trustee, (b) the Trustee, (c) the Debtor, (d) Feinberg, and (e) any other party that has requested notice in this matter. The Lender submits that email and/or facsimile notification is appropriate and sufficient in this matter.

**WHEREFORE**, The Village Bank respectfully requests that the Court enter an Order:

A.     Granting expedited determination of the Motion for Relief;

B.     Permitting the Lender to limit notification of a hearing on the Motion for Relief to the United States Trustee, the Chapter 11 Trustee, the Debtor, Feinberg, and any other party that has requested notice in this matter; and

C.     Granting such other and further relief as this Court deems just and proper.

THE VILLAGE BANK
By its Attorneys,
Riemer & Braunstein LLP

Dated: February 24, 2010

/s/ Alexander G. Rheaume
Alexander G. Rheaume
BBO # 667419
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000